**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048 BKT** |
| **PMC MARKETING CORP** | **Chapter 7** |
| | **Adversary No. 12-00110** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PMC MARKETING CORP** | |
| **Plaintiff** | |
| **vs.** | |
| **GLAXO SMITHKLINE PUERTO RICO INC** | |
| **Defendant(s)** | **FILED & ENTERED ON 08/28/2018** |

<u>**OPINION &ORDER**</u>

Defendant Glaxo Smithkline Puerto Rico, Inc.'s (hereinafter "Defendant") *Motion to Strike Paragraph 4 from Plaintiff's "Unsworn Declaration under Penalty of Perjury in Support of Motion for Summary Judgment," Exhibit C to DKT.NO 40* [Dkt. No. 47] is GRANTED, in part, without

1

prejudice. Defendant's objection is twofold – first, the declaration fails to comply with Fed. R. Civ. P. 56(c)(4) since it does not demonstrate affiants personal knowledge, or competency to testify as required by Fed. R. Evid. 602; and, second the declaration is "suspect" or "bogus" because the signature page is dated April 10, 2013, and the trustee's residency and office address differ.

The Plaintiff, Chapter 7 Trustee (hereinafter "Trustee") counters in her *Response to "Motion to Strike Paragraph 4 of Plaintiff's "Unsworn Declaration under Penalty of Perjury in Support of Motion for Summary Judgment", Exhibit C DKT. No. 40"* [Dkt. No. 54], that given the circumstances of the case the Trustee's statement is sufficient because "[a]t this time there are simply not sufficient funds to allow the Defendant to receive more than it would under a distribution."[1] With regards to the declaration being "suspect" or "bogus", Trustee explains that she resides in Florida, but her office is located in Puerto Rico. The date on the affidavit is due to the fact that multiple declarations were prepared simultaneously as a result of the numerous adversaries filed in the related legal case 09-02048 PMC Marketing, Corporation. The court deems this particular objection without merit. The date and differing addresses used by the Trustee is at worst harmless error, and has no bearing on this Order, nor on the adjudication of Plaintiff's summary judgment and Defendant's cross motion.

The Plaintiff's alleged failure to comply with Fed. R. Civ. P. 56(c)(4) is a different matter altogether. Federal Rule of Civil Procedure 56(c)(4), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, states that "[a]n affidavit or declaration used to support or oppose a motion

---

[1] Trustee's response, Dkt. No. 54, page 2, paragraphs 5 and 6.

2

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendant contends that paragraph 4 of the submitted declaration is not based on the "personal knowledge" mandate of Rule 56(c)(4). "Motions based upon 'information and belief' do not satisfy the [Rule 56(c)(4)] standard." Murphy v. Ford Motor Co., 170 F.R.D. 82, 84 (D.Mass.1997) (quoting Sheinkopf v. Stone, 927 F.2d 1259 (1st Cir.1991)). This court agrees.

Trustee's statement in her declaration that "[it] is my understanding that the payments would enable the distribution if the payments had not been made",[2] is not a statement of fact. Rather, it is based on Trustee's information and belief. This does not satisfy the summary judgment standard for declarations supporting or opposing said motions. In re Financial Resources Network, Inc., 867 F.Supp.2d 153, 171 (D.Mass.2012).  The case law in the First Circuit firmly establishes that a summary judgment declaration which includes conclusory statements, not based upon personal knowledge, will be stricken. In re Crentsil, 2017 WL 5760315 (D.Mass.2017); In re Donato Aponte Navedo, 848 F.Supp.2d 171, 180 (D.P.R. 2012).

As such, paragraph 4 of the Trustee's *Unsworn Declaration under Penalty of Perjury in Support of Motion for Summary Judgment* attached to docket number 40 as exhibit C, is hereby stricken. The court orders the Trustee to amend her declaration, if appropriate, to include the liquidation analysis as of the petition date of the legal case  pursuant to In re Inofin, Inc., 512 B.R. 19, 96 (Bankr.D.Mass.2014)  (citing In re Tenna Corp., 801 F.2d 819, 821 (5th Cir. 1986)), within

---

[2] Plaintiff's *Unsworn Declaration Under Penalty of Perjury in Support of Motion for Summary Judgment* Dkt. No. 40, Exhibit C, page 1, paragraph 4.

3

thirty (30) days. Clerk to follow up.

SO ORDERED

San Juan, Puerto Rico, this 28th day of August, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

4