## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  09-02048   BKT** |
| **PMC MARKETING CORP** | **Chapter 7** |
| | **Adversary No. 12-00110** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PMC MARKETING CORP** | |
| **Plaintiff** | |
| **vs.** | |
| **GLAXO SMITHKLINE PUERTO RICO INC** | |
| **Defendant(s)** | **FILED & ENTERED ON 02/13/2019** |

## OPINION & ORDER

Before the court is Plaintiff Chapter 7 Trustee's (hereinafter "Trustee") *Statement of Facts in Support of its Motion for Summary Judgment* [Dkt. No. 40]; Trustee's *Motion for Summary Judgment* [Dkt. No. 41]; Defendant Glaxo SmithKline Puerto Rico, Inc.'s (hereinafter "Glaxo" or "Defendant")) *Opposition to Plaintiff's Motion for Summary Judgment* [Dkt. No. 46]; Glaxo's *Motion for Judgment on the Pleadings – Defendant's Counterclaim* [Dkt. No. 48]; Glaxo's *Cross-Motion for Summary Judgment* [Dkt. No. 49]; Glaxo's *Statement of Uncontested Material Facts as*

*to its Cross-Motion for Summary Judgment* [Dkt. No. 50]; Trustee's *Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment* [Dkt. No. 55]; Trustee's *Response to Defendant's Statement of Facts as to its Cross-Motion for Summary Judgment* [Dkt. No. 56]; Trustee's *Opposition to Counter-Motion for Summary Judgment* [Dkt. No. 57]; Glaxo's *Reply to Plaintiff's Opposition (DKT. 57) to Summary Judgment for Defendant. (DKT. 49)* [Dkt. No. 59]; and Trustee's *Motion in Compliance with Order to Submit Liquidation Analysis* [Dkt. No. 63]. For the reason's set forth below, Trustee's *Motion for Summary Judgment* [Dkt. No. 41] is GRANTED, in part and Glaxo's *Cross-Motion for Summary Judgment* [Dkt. No. 49] is DENIED in its entirety.

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." In re Varrasso, 37 F.3d at 762. "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." Id.; see also Fed. R. Bankr.P. 7056; Fed. R. Civ. P. 56(a) (which provides in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court shall state on the record the reason for granting or denying the motion.")

"It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." In re Varrasso, 37 F.3d at 763 (citing Fed.R.Civ.P. 56(c)). "As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver an absence of evidence to support the nonmoving party's case." Id. at 763, n. 1 (citation omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." Id. (internal quotations and citations

omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in the original).

In her motion for summary judgment, the Trustee requests that the court enter a Judgment in the amount of $89,867.17, plus fees and costs.[1] The Trustee believes there are no controversies of fact that preclude the entry of summary judgment. As such, the court should rule on the summary judgment in her favor. The Trustee argues that the transactions between the Debtor, PMC Marketing Corporation (hereinafter "Debtor") meet the requirements under 11 U.S.C. § 547. The payments were made to Glaxo, a creditor of the Debtor, for products purchased from the Defendant prior to the payments being made. Said payments meet the requirements of a preferential transfer under § 547: (1) the payment was made to Glaxo; (2) the payment was on account of an antecedent debt, to wit, for products delivered prior to the payments being made; (3) while Debtor was insolvent (Debtor is presumed to be insolvent 90 days prior to the filing of the petition in accordance with the Bankruptcy Code); (4) during the 90 day preference period; and (5) would allow the creditor to receive more than it would receive under a Chapter 7 liquidation.

In its opposition, Glaxo argues that the Trustee has not met her burden of proof as to the "improve-in-position" element of a preference under § 547(b)(5). Moreover, the Trustee has not offered admissible evidence to support her preference claim. Glaxo further asserts that the complaint filed on March 2, 2012 is time barred since the extensions of time requested by the Trustee and granted by this court were obtained under false pretenses. Given the information available to the

---

[1] The amount requested by the Trustee was later reduced to $59,454.12 pursuant to information provided by Glaxo.

Trustee on the day she was first appointed, this action could have been filed at that point and not two years later. The extensions of time granted by the court are 100% interlocutory and therefore not appealable as stated in 28 U.S.C. 158(a) and (d), absent exigent circumstances (there are none here). Therefore, said extensions of time can be revisited and reviewed by the Court (or collaterally attacked by any party in interest) at any time before the estate is closed. Bullard v. Blue Hills Bank, 135 S.Ct. 1686 (2015). Finally, Glaxo requests that summary judgment be entered dismissing this action because it is barred by the statute of limitations pursuant to 11 U.S.C. 546(a)(1).

This court has previously considered the issue of whether the Trustee was time barred in filing this, and other complaints alleging a preference under section 547.[2] Given the lengthy conclusions of law written specifically on this matter, the court will not revisit it here. Suffice it to say that this complaint is not time barred. Glaxo's argument does not convince the court to alter their previous rulings as to this issue.

The court concludes that there are no genuine issues as to the material facts and that the moving party is entitled to judgment as a matter of law. There is no controversy in this case - the payment was to a creditor, on account of an antecedent debt, during the preference period, while the Debtor was insolvent and the payments would allow the creditor to receive more than under a Chapter 7. The evidence provided by the Trustee is clear. Furthermore, the Trustee does not contest the new value provided by the Defendant, thereby reducing the total amount requested. For the reasons stated above, the court GRANTS the Trustee's *Motion for Summary Judgment* [Dkt. No. 41], and DENIES Glaxo's *Cross-Motion for Summary Judgment* [Dkt. No.

---

[2] Please see the Opinion and Order in adversary case 12-00103 where the issue of whether the Trustee's actions were time barred was discussed at length.

49]. Judgment is awarded in favor of the Trustee in the amount of $59,454.12, plus fees. The Trustee shall file a statement detailing the fees in this adversary proceeding within twenty (20) days. Clerk to follow up and enter Judgment in accordance with this Opinion and Order.

SO ORDERED

San Juan, Puerto Rico, this 13th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge